UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


LOUISE PERKINS AND RICHARD PERKINS                              PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:07CV116-LTS-RHW

STATE FARM GENERAL INSURANCE COMPANY,                           DEFENDANTS
STATE FARM FIRE AND CASUALTY COMPANY,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
AND HAAG ENGINEERING CO.


**ORDER**

There are several pending motions before the Court in this cause of action. The issues raised by them are not new to this Court. Defendant State Farm General Insurance Company has filed a [33] Motion to Dismiss for Lack of Standing; Defendant State Farm Fire and Casualty Company has filed a [35] Motion to Strike Class and Other Allegations in the First Amended Complaint and a [36] Motion for More Definite Statement; Defendant State Farm Mutual Automobile Insurance Company has filed a [39] Motion to Dismiss Plaintiffs' Trust Claims; and Defendant Haag Engineering Co. has filed a [57] Motion to Dismiss, a [59] Motion for More Definite Statement, and a [60] Motion to Strike.

Plaintiffs' [25] First Amended Class Action Complaint is forty pages long; it includes the citation of legal authority usually found in briefs and other material more appropriately left to the discovery process. In other words, the Amended Complaint is hardly an illustration of Fed. R. Civ. P. 8(a)'s admonition that a pleading which sets forth a claim for relief "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

While there are plenty of documents attached to the Amended Complaint that have nothing to do with Plaintiffs' particular claim arising out of Hurricane Katrina, the insurance policy issued to them (presumably by State Farm Fire and Casualty Company) is not. The Plaintiffs claim that the home they owned in Waveland, Mississippi, was destroyed by a tornado and other high-velocity winds spawned by Hurricane Katrina. They refer to the insurance entities collectively as State Farm, who they say wrongfully denied their claim for insurance policy benefits.

The First Amended Complaint added Defendants Haag Engineering Co. and E. A. Renfroe & Company, Inc. By [77] Order dated August 7, 2007, E. A. Renfroe was dismissed without prejudice at Plaintiffs' [76] request.

It is well established that dismissal is proper only if it appears that the Plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief, *Conley v. Gibson*, 355 U.S. 41 (1957). That is not an impossible burden to meet, especially given the state of the First Amended Complaint and, as will discussed in more detail, given that class certification is not warranted.

The question whether the use of corporate forms will be respected is a matter of state law. *United States v. Bestfoods*, 524 U.S. 51, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998). Under Mississippi law, in a contract case such as this, the general rule is that the corporate form will not be disregarded unless the party seeking to pierce the corporate veil can show: 1) some frustration of expectations regarding the party to whom he looked for performance; 2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and 3) a showing of fraud or other equivalent malfeasance on the part of the corporate shareholder. *Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044 (Miss. 1989). The rule of Mississippi law is the same in tort claims: corporate forms are respected unless the form itself is used in an abusive way or to accomplish an unlawful or fraudulent purpose. *Penn National Gaming, Inc. v. Ratliff*, 954 So. 2d 427 (Miss. 2007).

Plaintiffs' allegations attempt to paint a complex civil conspiracy, but there are no specific allegations of actionable misconduct by State Farm General Insurance Company or State Farm Mutual Automobile Insurance Company. The fraud claims are so general and conclusory that they do not satisfy the requirements of Fed. R. Civ. P. 9(b). Furthermore, there is no contractual relationship between Plaintiffs and either of these State Farm entities. There is no evidence that the three named State Farm defendants have not respected the corporate form in conducting their business, and there is no indication that the parent, State Farm Mutual Automobile Insurance Company, has disregarded the formalities necessary to accomplish the lawful purpose of maintaining these forms.

The Court will not allow Plaintiffs to allege misconduct by two defendants not in privity with them by the mere expedient of treating them collectively in framing their pleadings. State Farm Fire and Casualty Company has a contractual relationship with the Plaintiffs, owes contractual obligations to them, and has the legal responsibility to fairly evaluate their claims in good faith and respond appropriately.

Under the standards of Fed. R. Civ. P. 12, both State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company will be dismissed from this cause of action. These dismissals will be without prejudice to the right of the Plaintiffs to seek the Court's leave to file an amended complaint stating a valid cause of action against these two corporations if there are facts in their case shown with particularity to support a recovery against them. It will not be acceptable for Plaintiffs to treat "State Farm" collectively in any future pleadings, and with respect to the two dismissed State Farm defendants, Plaintiffs will be required to make allegations against these defendants with reasonable specificity.

This Court has denied two requests for class certification under Fed. R. Civ. P. 23, both in

the litigation context, *see Guice v. State Farm Fire and Casualty Co.*, No. 1:06cv1, and for settlement purposes, *see Woullard v. State Farm Fire and Casualty Co.*, No. 1:06cv1057. The Court remains convinced that class certification is not appropriate under any section of Fed. R. Civ. P. 23. All class allegations will be dismissed, and Plaintiffs' trust theories related to them will, also.

The Court will not dismiss claims against State Farm Fire and Casualty Company and Haag Engineering Co.. The United States Magistrate Judge should schedule at his earliest convenience a Case Management Conference in order to meet the objectives of Fed. R. Civ. P. 16. This conference will be held with the understanding that this case will be limited to the facts surrounding the Plaintiffs' particular claim. The Magistrate Judge may also consider the wisdom of the Fed. R. Civ. P. 12(e) motions for a more definite statement (pending motions [36] [59] will be denied without prejudice in light of the Court's rulings) as to the claims against the remaining defendants. It should be pointed out that if Haag Engineering Co.'s claims that it had no participation in the investigation of Plaintiffs' claims are true (and the Court cannot find anything now in the pleadings to indicate otherwise), then the Court will revisit dismissing Haag as a defendant.

Accordingly, **IT IS ORDERED**:

Defendant State Farm General Insurance Company's [33] Motion to Dismiss is **GRANTED**, and said defendant is hereby **DISMISSED** from this cause of action, **WITHOUT PREJUDICE**.

Defendant State Farm Mutual Automobile Insurance Company's [39] Motion to Dismiss Plaintiffs' Trust Claims is **GRANTED**, and said defendant is hereby **DISMISSED** from this cause of action, **WITHOUT PREJUDICE**.

Defendant State Farm Fire and Casualty Company's [35] Motion to Strike Class and other Allegations in the Amended Complaint is **GRANTED IN PART** (as to class action allegations, which are hereby **DISMISSED)** and **DENIED IN PART**, and said defendant shall remain a defendant in this cause of action.

Defendant State Farm Fire and Casualty Company's [36] Motion for More Definite Statement is **DENIED**, **WITHOUT PREJUDICE**.

Defendant Haag Engineering Co.'s [57] Motion to Dismiss is **DENIED, WITHOUT PREJUDICE**, and said defendant shall remain a defendant in this cause of action.

Defendant Haag Engineering Co.'s [59] Motion for More Definite Statement is **DENIED, WITHOUT PREJUDICE**.

In light of the dismissal of class action allegations, Defendant Haag Engineering Co.'s [60] Motion to Strike Class Allegations is also **GRANTED**, with all such class action claims being hereby **DISMISSED**.

**SO ORDERED** this the 7th day of December, 2007.

                                                                                  s/ <u>L. T. Senter, Jr.</u>
                                                                                  L. T. SENTER, JR.
                                                                                  SENIOR JUDGE